IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALDEN PAULINE, JR., #A0256259, <br><br> Plaintiff, <br><br> vs. <br><br> SGT. MATT MANUMA, <br><br> Defendant. | CIV. NO. 06-00459 HG-BMK |
| ALDEN PAULINE, JR., #A0256259, <br><br> Plaintiff, <br><br> vs. <br><br> M.D. DEWITT, <br><br> Defendant. | CIV. NO. 06-00522 HG-BMK |

**FINDINGS AND RECOMMENDATION TO DENY
DEFENDANT MANUMA'S MOTION FOR SUMMARY JUDGMENT AND
ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Before the court is Defendant Matt Manuma's Motion for Summary Judgment, filed April 4, 2008. (Doc. 44.) This proceeding has been referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and 636(b)(3) and Rule LR72.4 of the Local Rules of Practice of the United States District Court for the District of Hawaii.

A hearing on this matter was held on May 29, 2008, before Magistrate Judge Barry M. Kurren. Deputy Attorney General Kendall Moser appeared on behalf of Defendant Manuma, Deputy Attorney General Donna H. Kalama appeared on behalf of Defendant DeWitt, and Plaintiff, proceeding pro se, participated telephonically.

Defendant claims he did not participate in or cause the constitutional deprivation of which Plaintiff complains. For the following reasons, this Court FINDS that a genuine issue as to a material fact exists and RECOMMENDS that Defendant's motion be denied.

At the hearing, Plaintiff made an oral motion to amend his complaint. For the following reasons, Plaintiff's motion to amend is DENIED.

## I. FACTS

On August 24, 2006, pro se Plaintiff Alden Pauline, a prisoner incarcerated at Halawa Correctional Facility ("HCF"), filed a civil rights complaint under 42 U.S.C. § 1983, naming Sergeant Matt Manuma as Defendant.[1] Plaintiff claims that on March 19, 2006, when he asked to be transferred from the Special Holding Unit ("SHU") to the medical unit, Defendant Manuma and ACO Gella[2] removed Plaintiff from his cell and assaulted him, injuring his neck and back. (Compl. at 4, 5.)

---

[1] On September 21, 2006, Plaintiff filed a civil rights complaint against M.D. DeWitt. Civ. 06-00522 HG. The court consolidated these actions on October 18, 2006. (Doc. 11.)

[2] Adult Corrections Officer ("ACO") Gella is not a party to this action.

## II.  DISCUSSION

### A.  Manuma's Motion for Summary Judgment

Defendant Manuma moves this court for summary judgment in his favor on all claims, and denies assaulting Plaintiff on March 19, 2006.

### 1.  Legal Standard

One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses.  *Celotex Corp. V. Catrett*, 477 U.S. 317, 323-24 (1986).  Accordingly, only admissible evidence may be considered in deciding a motion for summary judgment.  *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006).  Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  *Celotex*, 477 U.S. at 323.  A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  *Nissan Fire & Marine Ins. Co. V. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  *T.W. Electrical Service, Inc. v. Pacific Electric Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987) (*citing Celotex*, 477 U.S. at 323); *accord Miller*, 454 F.3d at 987.  A fact is material if it could affect the outcome of the suit under the governing substantive law.  *Miller*, 454 F.3d at 987.

When the moving party fails to carry its initial burden of production, "the nonmoving party has no obligation to produce anything. In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything." *Nissan Fire*, 210 F.3d at 1102-03. On the other hand, when the moving party meets its initial burden on a summary judgment motion, the burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Miller*, 454 F.3d at 987. This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (footnote omitted).

A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *California v. Campbell*, 319 F.3d 1161, 1166 (9th Cir. 2003); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000) ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion."). On a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Miller*, 454 F.3d at 988 (quotations and brackets omitted).

### 2. Analysis

Manuma seeks an order dismissing all claims against him, claiming that the evidence shows that no assault occurred and that he never threatened Plaintiff. Manuma relies exclusively on (a) SHU log book entries from March 19,

2006; (b) an internal prison memorandum regarding an HCF investigation of the alleged incident; and (c) Manuma's own sworn declaration. Manuma's motion fails to identify and dispose of any factually unsupported claims.

The SHU log book entries indicate that: (1) at approximately 9:37 p.m., on March 19, 2006, Plaintiff claimed that he was suicidal; (2) at 9:39 p.m., Plaintiff was escorted to a SHU interview room; (3) from 9:42 p.m., ACOs Gella and Alika remained outside of the interview room; and (4) at 10:25 p.m., ACOs Save and Fesolai escorted Plaintiff to the medical unit. (Cons. Stmt. of Facts at App. 2A-C.) The HCF investigation memorandum concludes that no substantial evidence existed to support Plaintiff's claim that an assault took place on March 19, 2006. (*Id.* at App. 2C.) Manuma declares that he neither assaulted nor threatened Plaintiff on March 19, 2006, or at any other time. (*Id.* at App. 3.)

Plaintiff complains that on March 19, 2006, Manuma removed Plaintiff from his cell and assaulted him after Plaintiff requested a transfer to the medical unit. Manuma has provided no evidence to support his claim that there is no genuine issue of material fact as to whether Manuma removed Plaintiff from his cell and assaulted him. Indeed, other than his unsubstantiated denial of involvement, Manuma has not submitted any evidence to show it was impossible for him to have committed the alleged assault. Manuma has not denied being on duty in the SHU on the evening of March 19, 2006, nor has he denied removing Plaintiff from his cell. On the evidence before it, the court cannot conclude that Manuma did not remove Plaintiff from his cell or assault him.

Viewing the facts in the light most favorable to Plaintiff: (1) Manuma was an ACO on duty in the SHU on March 19, 2006; (2) on the evening of March 19, 2006, Plaintiff informed ACO Gella that he felt suicidal and wanted to be taken to the medical unit; (3) shortly after informing ACO Gella that he felt suicidal, an unidentified ACO removed Plaintiff from his cell and escorted him to a SHU interview room; (4) Plaintiff then remained in the interview room for approximately forty minutes; and (5) at 10:25 p.m., ACOs Save and Fesolai escorted Plaintiff to the medical unit.  A reasonable trier of fact could determine that Manuma, an ACO on duty in the SHU on March 19, 2006, removed Plaintiff from his cell and assaulted him after he complained of suicidal thoughts and requested a transfer to the medical unit.

Although Plaintiff has not opposed Manuma's Motion for Summary Judgment, this fact alone does not mandate entry of summary judgment.  *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (holding that, if the non-moving party elects not to oppose after being given proper notice and an opportunity to respond, the district court may only grant the motion if the motion itself establishes that there is no genuine issue of material fact in dispute).  The fact that a motion for summary judgment is unopposed is insufficient to support an award of summary judgment, even if local rules provide otherwise.  *Id.*; *see also Evens v. Independent Order of Foresters*, 141 F.3d 931, 932 (9th Cir. 1998).

Because Plaintiff signed his complaint under penalty of perjury, the court will treat the Complaint as an opposition to Defendant's Motion for

Summary Judgment.  *See Schroeder v. McDonald*, 55 F.3d 454, 460 and fn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as an opposing affidavit where, even though verification was not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge).

In his verified complaint, Plaintiff says Manauma assaulted him. (Compl. at 4, 5, 7.)  As the court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage, both verified statements, without more, must carry equal weight.  Because Plaintiff and Defendant have alleged opposing versions of events, a genuine issue of material fact exists regarding whether Defendant removed Plaintiff from his cell and assaulted him after Plaintiff requested a transfer to the medical unit.  Accordingly, this Court FINDS that a genuine issue as to a material fact exists and RECOMMENDS that Defendant's Motion for Summary Judgment be DENIED.

### B.  Plaintiff's Motion to Amend Complaint

At the hearing, Plaintiff made an oral motion to amend his complaint to add a retaliation claim against Defendant Manuma's brother-in-law, whose identity is unknown to Plaintiff.

After being served with a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The deadline for parties to file any motion to join additional parties or to amend the pleadings was January 29, 2008.  (Doc. 38.)

Plaintiff has not provided the court with any grounds to support granting him leave to amend.  Moreover, Plaintiff did not specify the nature of the alleged retaliation against him.  Allowing an amendment to add a new party and entirely new cause of action at this late stage, after nearly two years of litigation and four months after the deadline for motions to amend, would cause undue delay, causing prejudice to the defendants.  At this time, the interests of justice are not served by permitting Plaintiff to amend his complaint as requested.  Plaintiff's Motion to amend his complaint is DENIED.

### III.  CONCLUSION

For the foregoing reasons, this Court FINDS that a genuine issue as to a material fact exists and RECOMMENDS that Defendant's Motion for Summary Judgment be DENIED.  Plaintiff's Motion to amend his Complaints is DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 7, 2008.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

*Pauline v. Manuma*, Civ. No. 06-00459 HG-BMK; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT MANUMA'S MOTION FOR SUMMARY JUDGMENT AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT; allison\Orders 08\Pauline 06-459 (dny Manuma MSJ 2)