IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALDEN PAULINE, JR., #A0256259 | ) | CIV. NO. 06-00459 HG-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SGT. MATT MANUMA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| ALDEN PAULINE, JR., #A0256259 | ) | CIV. NO. 06-00522 HG-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| M.D. DEWITT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant Steven DeWitt, M.D.'s ("Defendant")

Motion for Summary Judgment ("Motion"), filed May 5, 2008.[1]  (Doc. No. 51.)

This proceeding has been referred to this court pursuant to 28 U.S.C.

§ 636(b)(1)(B) and 636(b)(3) and Rule LR72.4 of the Local Rules of Practice of

---

[1] Plaintiff names "M.D. DeWitt" as defendant.  As "M.D." likely stands for Medical Doctor, the court accepts Defendant's contention that his first name is actually Steven.

the United States District Court for the District of Hawaii.  Pursuant to Rule LR7.2, the court decides this Motion without a hearing.

Plaintiff had up to and including June 27, 2008, to file an Opposition to Defendant's Motion.  He has not done so.  The court will consider the entire record as well as Plaintiff's verified Complaint, insofar as applicable, as Plaintiff's Opposition to the Motion.

Defendant filed a Reply on July 7, 2008, to request that his exhaustion argument be treated as an unenumerated Rule 12(b) motion.  (Doc. No. 71.)  The court does so.  In addition, as ordered, on September 5, 2008, Defendant filed a supplemental brief with supporting materials including Plaintiff's: (1) medical records from March 19, 2006 to September 30, 2006; (2) prison grievances relating to medical care filed between March 19, 2006 and September 30, 2006; and (3) written requests for medical care submitted between March 19, 2006 and September 30, 2006.  (Doc. No. 64.)

Defendant argues that (1) Plaintiff's Complaint should be dismissed for failure to exhaust prison administrative remedies prior to initiating this action; and that (2) summary judgment is appropriate because Defendant did not violate Plaintiff's Eighth Amendment rights.  For the following reasons, this Court FINDS that Plaintiff exhausted his administrative remedies prior to initiating this action,

but that no genuine issue as to any material fact exists, and that Defendant is

entitled to judgment as a matter of law.  This Court, therefore, RECOMMENDS

that Defendant's Motion be GRANTED.

## I. BACKGROUND

On September 21, 2006, pro se Plaintiff Alden Pauline, a prisoner

incarcerated at Halawa Correctional Facility ("HCF"), filed this civil rights action

under 42 U.S.C. § 1983, naming Steven DeWitt, M.D., as the sole defendant.[2]

Plaintiff alleges that, on March 19, 2006, he was assaulted by prison guards,

resulting in alleged injuries to his neck, back and hand.  The assault apparently

occurred after Plaintiff threatened suicide when the guards were attempting to

transfer Plaintiff from his cell to the prison infirmary.  Plaintiff claims that he is in

constant pain as a result of these injuries, but that his requests for medical

treatment have been ignored by Defendant.  Plaintiff seeks injunctive relief.

## II.  LEGAL STANDARD

A.     Rule 12(b)

The failure to exhaust administrative remedies "should be raised in a

motion to dismiss, or be treated as such if raised in a motion for summary

---

[2] On August 24, 2006, Plaintiff filed a civil rights complaint against Sgt. Matt Manuma. On October 18, 2006, the court consolidated the two actions into *Pauline v. Manuma*, Civ. No. 06-00459 HG-BMK.

judgment." *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988); *see also Wyatt v. Terhune*, 315 F.3d 1108, 1119-20. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Unless it appears beyond doubt that a plaintiff can prove no set of facts in support of her claim which would entitle her to relief, a motion to dismiss must be denied. *Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996) (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When assessing the legal sufficiency of a plaintiff's claims, the court must accept as true all material allegations of the complaint, and all reasonable inferences must be drawn in favor of the nonmoving party. *See, e.g.*, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (citations omitted). Dismissal is proper under Rule 12(b)(6) "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro*, 250 F.3d at 732 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

A motion to dismiss under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as lack of jurisdiction or the statute of limitation. 2A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice*, p 12.07 at 12-68 ti 12-69 (2d ed. 1991 &

4

supp. 1191-92) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).

B.     Rule 56

In examining a motion for summary judgment, a district court must determine whether any material factual issues exist which can only be resolved through a trial.  *U.S. v. Allen*, 578 F.2d 236 (9th Cir. 1978).  In considering a motion for summary judgment, the court must draw all reasonable inferences supported by the evidence in favor of the non-moving party.  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

Rule 56(c) provides that summary judgment is warranted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  *Nissan Fire & Marine Ins. Co. V. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a

genuine issue for trial." *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (footnote omitted).

The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific facts showing that there is a genuine issue for trial." *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *California v. Campbell*, 319 F.3d 1161, 1166 (9th Cir. 2003). The Ninth Circuit has refused to find a genuine issue where the only evidence presented is "uncorroborated and self-serving" testimony. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir.1996).

## III.  DISCUSSION

Defendant presents two arguments, that: (1) Plaintiff failed to exhaust his administrative remedies prior to initiating this action; and (2) Defendant did not violate Plaintiff's Eight Amendment rights.

### A.    Plaintiff Exhausted His Administrative Remedies

Defendant argues that Plaintiff failed to exhaust his administrative remedies prior to filing this action.  (Mem. at 9.)  The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies before filing suit in federal court concerning prison conditions.  42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement applies to all inmate suits, no matter the relief they seek.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Hawaii prisoners may pursue their complaints and grievances pursuant to the Department of Public Safety, State of Hawaii, Policies and Procedures Manual (1992) ("DPS Manual"), § 493.12.03 (4.0).  These rules establish a three-step process for exhausting an administrative appeal.  The inmate must submit a grievance at each step and wait either for a response to that grievance or for the expiration of the time for receiving a response.[3]  Only then may the prisoner move to the next step.  DPS Manual § 493.12.03.13–15.

Defendant asserts that, "HCF has no record of Plaintiff having filed any grievances against Dr. Dewitt asserting that Dr. Dewitt refused to provide Plaintiff with medical care for injuries resulting from the alleged March 19, 2006

---

[3] Inmates may also file emergency, or privileged, grievances, with differing time limits and procedures if a matter is "of a sensitive nature, and there exists a reasonable belief that punitive measures will be taken at the hands of facility staff or other inmate, or would otherwise be adversely affected if it is known at the facility that the complaint/grievance is being filed." DPS Manual § 493.12.03.10.

7

assault." Def. Mem. of Law at 8.  Interestingly, however, Defendant's

Supplemental Memorandum in Support of Motion for Summary Judgment, Doc.

No. 64, includes the grievances that Plaintiff filed against Defendant regarding

Defendant's failure to treat Plaintiff's alleged neck and back injuries.[4]  *See* Def.

Supp. Brief, Ex. 1.

Indeed, Plaintiff filed "Step I" and "Step II" grievances against

Defendant on March 28, 2006, and April 2, 2006, respectively.  *See Id.*; Grievance

Nos. 123179 & 125911.  In the grievances, Plaintiff complains, among other

things, that Defendant has not examined his back and that Plaintiff is suffering

from back pain.  *Id.*  On April 12, 2006, Plaintiff received a written response to his

grievances.  *Id.*  Plaintiff then filed a "Step III" grievance against Defendant on

April 28, 2006.  *Id.*; Grievance No. 124065.  Plaintiff again complains that

Defendant refused to treat Plaintiff's lower back pain.  On May 8, 2006, the

Correctional Health Care Administrator responded to Plaintiff's Step III grievance

stating  that the "Step II" response was upheld.[5]  The Administrator further

---

[4] Although Plaintiff's grievances do not specifically mention the alleged March 19, 2006, assault, Plaintiff claims that the alleged assault resulted in neck, back and hand injuries, which injuries are the subject of his grievances.  Moreover, Plaintiff's submitted his first grievance within one week of the alleged March 19, 2006, assault.

[5] Although the Correctional Health Care Administrator signed and dated the response on May 8, 2006, Plaintiff acknowledged receipt of the Administrator's response on May 31, 2006.

responded that the decision was the "final and ultimate recourse available within the administrative remedy process." *Id.*

Plaintiff submitted Step I, II, and III grievances, complaining that Defendant failed to provide medical care for his back, neck and hand pain, which Plaintiff allegedly sustained during the alleged March 19, 2006 assault. Plaintiff received the "Step III" response on May 31, 2006, and initiated this action on September 21, 2006. Accordingly, this Court FINDS that Plaintiff exhausted his prison administrative remedies prior to filing suit thereby fulfilling the exhaustion requirement under the PLRA. The Court, therefore, RECOMMENDS that Defendant's Motion to dismiss Plaintiff's claims as unexhausted be DENIED.

### B. Plaintiff Received Adequate Medical Treatment

Plaintiff claims that Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment when he failed to provide him with medical treatment for alleged neck, back and hand injuries. To make out an Eighth Amendment claim based on the failure to provide adequate medical care, a prisoner must show that the state defendants exhibited "deliberate indifference" to his "serious" medical needs; negligent or inadvertent failure to provide adequate care is not enough. *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 199 fn.5 (1989) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976)). A

9

serious medical need is present whenever the "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)).

There is both an objective and a subjective component to an actionable Eighth Amendment Violation. *Clement*, 298 F.3d at 904 (9th Cir. 2002). An inmate must show that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that the officials had a "sufficiently culpable state of mind" in denying the proper medical care. *Id.* (quoting *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir.1995)).

The gravamen of Plaintiff's Complaint is that Defendant failed to provide him with medical treatment for neck, back and hand injuries that he sustained during an alleged assault on March 19, 2006. Compl. at 4. Plaintiff claims that his back, neck and hand are "in pain big time[,] from 1 to 10[,] 7 all the time[,]" as a result of the alleged assault. *Id.* A thorough review of Plaintiff's medical records between March and September 2006, however, reveals that Plaintiff received adequate care and rarely, if ever, complained of neck, back or hand pain. Def. Supp. Brief at Ex. 2.

An injury report prepared by medical staff after the alleged assault

indicates that Plaintiff presented with minor bruising to his left bicep, the top of his head and upper right side of his gums, none of which were serious enough to require an emergency room visit.  Def. Supp. Brief at Ex. 2; Bauman Dec. ¶ 6. Plaintiff did not complain of back or neck pain, but did threaten suicide and was immediately placed on suicide watch until March 21, 2006.  *Id.*; DeWitt Dec. ¶ 7. There is no record that Plaintiff complained of continuing pain from his alleged assault during his stay in suicide watch.  Def. Supp. Brief at Ex. 2; Bauman Dec. ¶ 6; DeWitt Dec. ¶ 8.

Defendant examined Plaintiff for the first time on March 21, 2006, three days after the alleged assault.  Def. Supp. Brief at Ex. 2; DeWitt Dec. ¶ 10. Defendant did not examine Plaintiff for complaints of back or neck pain.  Rather, he assessed a self-inflicted laceration on Plaintiff's wrist.  During the examination, the only medical issues identified by Plaintiff were requests for cervical and donut pillows for an old spinal injury, which Defendant ordered for Plaintiff.  Def. Supp. Brief at Ex. 2; DeWitt Dec. ¶ 9.

Thereafter, between March 21, 2006, the date prison officials released Plaintiff from suicide watch, and September 21, 2006, the date Plaintiff initiated this action, Plaintiff submitted only four medical requests seeking treatment for neck and back pain.  *Id.* at Ex. 3.  On each occasion, a nurse examined Plaintiff and

on two occasions, the nurse referred Plaintiff to a prison doctor for evaluation.

More importantly, nothing in Plaintiff's records suggest that Plaintiff sought

treatment directly from Defendant as opposed to another member of the prison

medical staff.

In addition, Plaintiff received nearly daily medical care from prison

medical staff because he regularly engaged in self-mutilation and contemplated

suicide.  Def. Supp. Brief at Ex. 2.  As such, Plaintiff required constant

observation.  At a minimum, prison medical staff observed plaintiff on an hourly

basis.  *Id.* at Ex. 5.  Plaintiff also received pain relievers upon request, which

usually occurred daily.  *Id.* at Ex. 4.  Thus, viewing the facts in the light most

favorable to Plaintiff: (1) after the alleged assault on March 19, 2006, Plaintiff

showed no signs of back, neck or hand injuries nor did he not present to the

medical unit complaining of back, neck or hand pain; (2) thereafter, Plaintiff rarely

complained of neck, back and hand pain; (3) prison medical staff provided daily

care to Plaintiff, generally observing him on an hourly basis; and (4) Plaintiff

received pain relievers upon request.  Defendant has met his burden of production,

shifting the burden to Plaintiff to establish a genuine factual dispute.  Plaintiff has

not done so.

Although Plaintiff has not opposed Defendant's Motion for Summary

Judgment, this fact alone does not mandate entry of summary judgment. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (holding that, if the non-moving party elects not to oppose after being given proper notice and an opportunity to respond,[6] the district court may only grant the motion if the motion itself establishes that there is no genuine issue of material fact in dispute). The fact that a motion for summary judgment is unopposed is insufficient to support an award of summary judgment, even if local rules provide otherwise. *Id.*; *see also Evens v. Indep. Order of Foresters*, 141 F.3d 931, 932 (9th Cir. 1998). Because Plaintiff signed the Complaint under penalty of perjury, the court will treat the Complaint as an Opposition to the Motion. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as an opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge).

Even construing the Complaint as a verified statement for summary judgment purposes, Plaintiff's allegations are insufficient to withstand the motion for summary judgment. Plaintiff has not shown that Defendant exhibited

---

[6] DeWitt provided Plaintiff with instructions and information regarding his requirements in opposing a Rule 56(c) motion for summary judgment. (Doc. 52).

13

"deliberate indifference" to Plaintiff's "serious" medical needs.  Plaintiff makes only conclusory allegations that Defendant refused to treat him, allegations which are contrary to the medical records before the court.  Immediately after the alleged assault, prison medical staff saw Plaintiff and evaluated his injuries.  Plaintiff received constant daily medical care until he initiated this action.

Plaintiff submits only uncorroborated and self-serving testimony that he sought medical care and Defendant refused to treat him.  Plaintiff does not point to any evidence to support any of his claims.  Such conclusory allegations, standing alone, are insufficient to prevent summary judgment.  *See e.g. Newman v. County of Orange*, 457 F.3d 991, 993 (9th Cir. 2006).  Thus, this Court FINDS that Plaintiff has failed to set forth sufficient facts to establish that there is a genuine issue for trial on his Eighth Amendment claim.  Accordingly, the court RECOMMENDS that Plaintiff's Eighth Amendment claim be DENIED.

## V.  CONCLUSION

Plaintiff submitted Step I, II, and III grievances, complaining that Defendant failed to provide medical care for his back, neck and hand thereby fulfilling the exhaustion requirement under the PLRA.  In addition, however, even construing Plaintiff's complaint as a verified statement and viewing the facts in the light most favorable to Plaintiff, Plaintiff has failed to set forth sufficient facts to

14

establish that there is a genuine issue for trial on his Eighth Amendment claim.

Accordingly, this Court FINDS that Plaintiff exhausted his administrative remedies prior to initiating this action, but that no genuine issue as to any material fact exists, and that Defendant is entitled to judgment as a matter of law.  This Court, therefore, RECOMMENDS that Defendant's Motion be GRANTED.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: October 8, 2008

*Pauline v. Dewitt*, Civ. No. 06-00522 HG-BMK; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; hmg\F&R 08\Pauline 06-00522 HG (F&R grt msj)